CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
September 21, 2026
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HASSAN SHARIF ALI,<br>Petitioner,<br>v.<br><br>J. GILLEY, *et al.*,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>) | Civil Case No. 7:25-cv-00507<br><br><br><br>By: Elizabeth K. Dillon<br>Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Hassan Sharif Ali, a federal inmate proceeding *pro* se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Respondents moved to dismiss, or in the alternative, for summary judgment. (Dkt. Nos. 6, 20.) Ali has responded to the motion (Dkt. Nos. 25, 27),[1] and the government filed a reply (Dkt. No. 26). The court will grant the motion to dismiss.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[2] for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* The court construes *pro se* pleadings liberally in considering a motion to dismiss, even though it is "not required to act as an advocate" for a pro se litigant. *Galeas v. Noem*, Civil

[1] Docket Number 27 was docketed as a motion to "construe his pleading liberally." The court considers this to be a further response to the arguments presented by the government's motion to dismiss.

[2] The court will construe this motion as a Rule 12(b)(6) motion rather than a motion for summary judgment because it can be resolved without considering matters outside of the pleadings.

Action No. 3:25-CV-00552-KDB-SCR, 2026 WL 27286, at *1 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978)).

Ali's § 2241 petition alleges claims of threats, use of force, retaliation, humiliation, harassment, and removal of certain religious items. Ali alleges, for example, that an employee at USP Lee violated his rights by "intentionally throw[ing] away [his] personal Islamic materials" during a search of his cell. (Dkt. No. 1-1 at 2.) Ali also alleges "verbal retaliation" for filing a BP-8 about this issue. (*Id.* at 4.) He seeks one million dollars in compensatory damages. (Dkt. No. 1 at 8.)

Ali's claims are not cognizable in a habeas action. Habeas petitions are "intended for an inmate's challenge to the 'very fact or duration of his physical imprisonment.'" *Neal v. U.S. Penitentiary Lee*, Case No. 7:20CV00295, 2020 WL 4333004, at *1 (W.D. Va. July 27, 2020) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Thus, inmate claims of "retaliation and safety problems[] are not appropriately raised in a § 2241 petition." *Id.*; *see also Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017) (noting that "courts have generally held that a [42 U.S.C.] § 1983 suit or a *Bivens*[3] action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not" and dismissing conditions of confinement claim in habeas action).

In response, Ali argues that he intended to file his petition under § 1983, and it was not meant to be a § 2241 action. "The government converts Ali's pleading into a habeas petition seeking dismissal. Thus the court should treat Ali's pro se pleading according to its proper vehic[le] and not as a habeas petition." (Dkt. No. 25 at 3–4; *see also* Dkt. No. 27 at 1 (claiming that this action was not "intended to be a 2241 petition"). Ali cannot pursue his claims under

[3] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

§ 1983 because that statute applies to individuals acting under color of *state* law. The proper defendants for Ali's action would be individuals acting under *federal* law because Ali is a federal prisoner. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, a petition for a writ of habeas corpus may not be "converted" into a civil rights lawsuit. *Freeland v. Collins*, Case No. 1:22-cv-00561, 2023 WL 11827751, at *3 (S.D.W. Va. Sept. 21, 2023) (citing *Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004)). Even if courts could convert a habeas case into a civil suit for damages against a federal employee under *Bivens*, there are "limitations to the types of claims that may be brought pursuant to *Bivens*," and Ali's claims do not fit within any of those categories. *See Ben-Avi v. Kijakazi*, Civil Action No.: 22-cv-104-LKG, 2022 WL 313861, at *2 (D. Md. Feb. 2, 2022) (citing *Ziblar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)); *Goldey v. Fields*, 606 U.S. 942, 945 (2025) (explaining that "[f]or the past 45 years, this Court has consistently declined to extend *Bivens* to new contexts").[4]

For these reasons, it is HEREBY ORDERED that respondents' motion to dismiss (Dkt. No. 6) is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to STRIKE this matter from the active docket of the court.

Further, finding that petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c).

[4] Only three cases have recognized an actionable claim against federal actors: (1) *Bivens*, 403 U.S. at 389–98 (remedy available for Fourth Amendment claim against federal agents after they handcuffed a man in his own home without a warrant); (2) *Davis v. Passman*, 442 U.S. 228, 248 (1979) (recognizing *Bivens* remedy in suit against a Congressman by former employee who claimed sex discrimination in violation of the equal protection clause of the Fifth Amendment; and (3) *Carlson v. Green*, 446 U.S. 14, 19 (1980) (recognizing damages remedy under *Bivens* for Eighth Amendment violation by federal jailers when they refused to treat a prisoner-plaintiff's asthma).

The Clerk is directed to send a copy of this memorandum opinion and order to Ali and to counsel for respondent.

Entered: September 21, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge